**Perri FLORY, Plaintiff,**

v.

**SALT LAKE COUNTY SHERIFF'S OFFICE; N.D. "Pete" Hayward, Salt Lake County Sheriff; and Lieutenant Paul Cunningham, Personnel Manager, Salt Lake County Sheriff's Office, Defendants.**

Civ. No. C–87–996W.

United States District Court,
D. Utah, C.D.

March 11, 1988.

Reid C. Davis, Midvale, Utah, for plaintiff.

Jerry G. Campbell, Deputy Co. Atty., Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendants, Hayward's and Cunningham's, motion to dismiss for failure to state a claim and for failure to name the real party in interest. The parties have asked this court to decide this motion without oral arguments. David E. Yocum and Jerry G. Campbell submitted a brief for the defendants. Reid C. Davis submitted a brief for the plaintiff. After carefully considering all the papers submitted by the parties the court now renders the following memorandum decision and order.

### Defendants' 12(b)(6) Motion: Failure to State a Claim

A complaint cannot be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a set of facts which would allow the plaintiff to recover. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Swanson v. Bixler*, 750 F.2d 810 (10th Cir.1984).

The facts pled in the complaint must be taken as true and every inference which can be made from those facts must be taken in the light most favorable to the plaintiff. *Swanson v. Bixler*, 750 F.2d 810 (10th Cir.1984).

After a careful review of the complaint the facts, taken in the light most favorable to the plaintiff, are as follows. The defendants hired plaintiff in 1978. In 1979 the defendants assigned plaintiff to the Salt Lake County Sheriff Department's Microfilm Division. In 1981 plaintiff became the supervisor of that department. Defendants classified plaintiff as a grade 13 employee.[1] Male employees in charge of other county microfilm departments were classified as grade 20 employees. These male employees were paid a higher salary for jobs requiring the same amount of skill, effort, and responsibility as plaintiff's lower paying job. Further, the male employees performed their jobs under similar working conditions.

The defendants improperly classified plaintiff as a grade 13 employee by intentionally omitting jobs which plaintiff performed from her job description. The improper classification was motivated by defendants' desire to pay plaintiff less than her male counterparts.

### The Parties Contentions

Defendants argue that since the county has a merit system, and the statute 29 U.S.C. § 206(d)(1)(ii) (1978)[2] allows discriminatory wages pursuant to a valid merit system, plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff, while acknowledging the county has a merit system, argues that the county cannot discriminate on the basis of gender merely by classifying females at a

---

1. The grades are established pursuant to the Salt Lake County Merit System. Plaintiff acknowledges that the county does employ a Merit Pay System.

2. The statute is known as the Fair Labor Standards Act, and will be referred to in this opinion as the F.L.S.A.

lower level on the merit system than male employees.

### Analysis

The F.L.S.A. provides in pertinent part: No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishments at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to ... a merit system.

■ By alleging that the defendants pay male employees more than the plaintiff for jobs requiring equal skill, effort, and responsibility, and which are performed under similar working conditions, plaintiff has pled a prima facie case of gender discrimination. After a plaintiff pleads a prima facie case the defendant has the burden of showing that the disparity in wages between male and female employees is based on a valid merit system. *Morgado v. Birmingham/Jefferson County Civil Defense Corps.*, 706 F.2d 1184 (11th Cir.1983). The defendants do not meet this burden by merely claiming that they have a merit system. *E.E.O.C. v. McCarthy*, 578 F.Supp. 45, 49 (Mass.1983).

■ In order for defendants' classification system to be a valid merit system under the F.L.S.A. the system:

must be an organized and structured procedure whereby employees are evaluated systematically according to predetermined criteria.

*E.E.O.C. v. Aetna Insurance Company*, 616 F.2d 719, 725 (4th Cir.1980). Further, "when factors such as seniority, education, or experience are used to determine the rate of pay, then those standards must be applied on a sex neutral basis." 29 C.F.R. 1620.13(c) (1987). The defendants claim

they have a valid merit system because the plaintiff has acknowledged that the defendants promoted her to a grade 13 employee pursuant to the Salt Lake County Merit System. However, plaintiff has not admitted that the Salt Lake County Merit System is a valid merit system under the F.L.S.A. Further, even if the Salt Lake County Merit System is valid, defendants must prove that the pay differential was caused by the valid criteria of the merit system. *E.E.O.C. v. McCarthy*, 578 F.Supp. 45, 49 (Mass.1983).

■ Plaintiff has alleged defendants used the merit system to classify her seven levels below her male counterparts, and that this classification was based on gender.

The F.L.S.A. is to be liberally construed in favor of the protected class. The purpose behind the act is to raise the wages of female workers so that their wages are the same as their male counterparts. *See, Hein v. Oregon College of Education*, 718 F.2d 910 (9th Cir.1983); *Bence v. Detroit Health Corporation*, 712 F.2d 1024 (6th Cir.1983).

Congress certainly could not have intended to allow employers to create a merit system with gender as the controlling criteria. To so hold would allow the exception to swallow the rule.

Therefore, plaintiff, by alleging that defendants classified her as a level 13 employee, instead of a level 20 employee, because of her gender has stated a claim upon which relief can be granted.

### Real Party in Interest

■ An employer is defined in 29 U.S.C. § 203(d) in pertinent part as:

Any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency.

The Salt Lake County Sheriff's Department is a public agency as defined in the Act. Thus, the parties which plaintiff has named in her complaint are real parties in

interest.[3] Therefore, defendants' motion to dismiss for failure to name the real party in interest is denied.

### Conclusion

Defendants' motions to dismiss are denied. Plaintiff has stated a claim upon which relief can be granted. Further, the named defendants are real parties in interest. Plaintiff is granted the right within ten days to file an amended complaint naming Salt Lake County as an additional party defendant. Thereafter, defendants are granted twenty days within which to respond to plaintiff's amended complaint. This order will serve as the order of the court and counsel need not submit a further order.

**3.** *See E.E.O.C. v. State of Missouri Dept. of Social Services, Division of Corrections,* 617 F.Supp. 1152, 1158 (D.Mo.1985) for a good discussion of "employer" as defined in the F.L.S.A.